<table>
<tr><td>1</td><td></td><td></td></tr>
<tr><td>2</td><td></td><td></td></tr>
<tr><td>3</td><td></td><td></td></tr>
<tr><td>4</td><td></td><td></td></tr>
<tr><td>5</td><td></td><td></td></tr>
<tr><td>6</td><td></td><td></td></tr>
<tr><td>7</td><td></td><td></td></tr>
</table>

8        UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| 11 | BETH K. ALTES, | No. 2:20–cv–1663–KJN |
| 12 | Plaintiff, | ORDER GRANTING COUNSEL'S MOTION TO WITHDRAW AS ATTORNEY; |
| 13 | v. | ORDER TO SHOW CAUSE |
| 14 | COMMISSIONER OF SOCIAL SECURITY, | (ECF No. 14) |
| 15 | | |
| 16 | Defendant. | |

17        In August of 2020, plaintiff (represented by counsel) filed this action under 42 U.S.C.

18   Section 405(g) for review of the Commissioner's final decision denying benefits under Title XVI

19   of the Social Security Act. (ECF No. 1.) This action was referred to the undersigned pursuant to

20   28 U.S.C. Section 636 and Local Rule 302(c)(15), and after the parties consented to proceed

21   before a United States Magistrate Judge, the case was reassigned to the undersigned for all

22   purposes. (ECF Nos. 7, 8, 9.) Thereafter, the administrative transcript was filed. (ECF No. 11.)

23        Pending before the court is the unopposed motion of Denise Bourgeois Haley to withdraw

24   as attorney of record for plaintiff. (ECF No. 14.) The court provided plaintiff until May 19,

25   2021, to respond to counsel's motion, and thereafter noted the matter would be taken under

26   submission. (ECF No. 15.) Plaintiff did not respond by the deadline.

27        For the reasons stated below, the motion to withdraw is granted. Further, plaintiff is

28   ordered to show cause why this action should not be dismissed for failure to prosecute.

1   **I.      Withdrawal Motion**

2   **Legal Standard**

3       In the Eastern District of California, attorneys representing parties to a civil case are

4   subject to this Court's Local Rule 182(d) which provides:

5               Unless otherwise provided herein, an attorney who has appeared
                may not withdraw leaving the client in propria persona without
6               leave of court upon noticed motion and notice to the client and all
                other parties who have appeared. The attorney shall provide an
7               affidavit stating the current or last known address or addresses of
                the client and the efforts made to notify the client of the motion to
8               withdraw. Withdrawal as attorney is governed by the Rules of
                Professional Conduct of the State Bar of California, and the
9               attorney shall conform to the requirements of those Rules. The
                authority and duty of the attorney of record shall continue until
10              relieved by order of the Court issued hereunder.  Leave to withdraw
                may be granted subject to such appropriate conditions as the Court
11              deems fit.

12  L.R. 182(d); see also Thomas v. Experian Info. Sols., Inc., 2014 WL 7359180, at *1 (E.D. Cal.

13  Dec. 23, 2014) ("Whether to grant leave to withdraw is subject to the sound discretion of the

14  Court and 'may be granted subject to such appropriate conditions as the Court deems fit.'");

15  Canandaigua Wine Co., Inc. v. Edwin Moldauer, 2009 WL 89141, *1 (E.D. Cal. 2009) (decision

16  to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court).

17      The Rules of Professional Conduct of the State Bar of California provide that an attorney

18  may withdraw from representation if the client's conduct "renders it unreasonably difficult for the

19  lawyer to carry out the representation effectively." California Rules of Professional Conduct,

20  Rule 1.16(b)(4).  The Rules also allow for permissive withdrawal where "the lawyer believes in

21  good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of

22  other good cause for withdrawal." Rule 1.16(b)(10).

23  **Analysis**

24      Here, good cause exists to grant the motion to withdraw as counsel of record.  Counsel has

25  established she has made multiple attempts to communicate with plaintiff after the Commissioner

26  filed the administrative transcript.  (ECF No. 14 at ¶¶ 3-6.)  This includes multiple phone calls to

27  plaintiff's phone numbers on file with counsel's law office, and multiple written correspondence

28  to plaintiff at her last known address.  (See Id.)  Counsel declares the phone numbers were either

out of service or belonged to persons unassociated with plaintiff, and the mailings were returned as undeliverable. (Id.) Finally, counsel represents that she served her motion to withdraw, as well as the court's order directing a response, to a new address found in public records. (See Id.; see also ECF No. 16.). Despite these attempts by counsel to communicate, plaintiff has not responded either to counsel's requests or to the court's directives. (See ECF No. 14 at 4.) Counsel cannot proceed in this case without plaintiff's direction and consent, and thus it appears the attorney-client relationship has broken down.

Given plaintiff's failure to communicate with counsel and failure to oppose withdrawal, the court sees no alternative but to grant counsel's motion. See, e.g., Triste v Comm'r, 1:19-cv-01206-EPG (E.D. Cal. Apr. 17, 2020) (granting counsel's motion to withdraw where multiple efforts to contact plaintiff were unsuccessful, resulting in a breakdown of the attorney-client relationship). Moving forward, plaintiff will be considered as representing herself in this matter, and the court will communicate with plaintiff by mail at the addresses provided by counsel.

**II.     Order to Show Cause**

**Legal Standard**

Local Rule 183(a) provides in relevant part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing [without counsel]. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

Moreover, Local Rule 182(f) imputes a duty on parties to notify the court and parties of any change of address.

A district court may impose sanctions, including involuntary dismissal of a plaintiff's case under Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Local Rule 110 ("failure . . . to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); see also Chambers v. NASCO, Inc., 501

3

U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action on its own accord under Federal Rule of Civil Procedure 41(b) for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

Here, the Commissioner filed its answer and the administrative transcript in February of 2021. (ECF Nos. 10, 11.) Under the court's scheduling order, plaintiff's motion for summary judgment was due within 45 days. (ECF No. 5.) The parties stipulated to an extension of time, making plaintiff's motion and accompanying briefing due by April 22, 2021. (ECF No. 13.) Despite this, no motion was filed, and the deadline has now passed. Further, plaintiff failed to file any notice in response to counsel's motion to withdraw, despite being ordered to do so. (ECF No. 15.)

Given plaintiff's failure to communicate with counsel, it is likely that no resolution on the merits can be had, and the court has a need to manage its docket, to ensure expeditious resolution of litigation, and to make sure defendant is not prejudiced by lengthy delay. See Ferdik v. Bonzelet, 963 F.2d 1258 (9th Cir. 1992) (indicating factors the court must consider when contemplating terminating sanctions). A failure to prosecute the case leaves the court with no alternative for less drastic sanctions. See Id. at 1260 ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Thompson, 782 F.2d at 831; Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address).

However, given that as of this order plaintiff is proceeding without counsel, the court will not recommend dismissal at this time.  Instead, the court provides one final opportunity for plaintiff to communicate with the court, provide updated contact information, and file her motion for summary judgment.  Any further failure to respond will constitute grounds for dismissal under Federal Rule of Civil Procedure 41(b).

## ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Counsel's motion to withdraw (ECF No. 14) is GRANTED;

2. Denise Bourgeois Haley is relieved as counsel of record for plaintiff Altes;

3. Beth Altes shall proceed in the case pro se;

4. Given plaintiff's apparent unavailability, Ms. Haley shall retain plaintiff's complete case file for the immediate future and shall, upon request by plaintiff, provide her with a copy of the case file within fourteen days of such request;

5. The clerk of the court shall direct all future communications to plaintiff at both the Stockton and Oakland addresses (see ECF No. 14 at ¶¶ 3, 5.); and

6. Plaintiff is ordered to show cause why this case should not be dismissed for failure to prosecute, failure to follow the court's orders and the local rules, and failure to file her motion for summary judgment, as detailed above.  Plaintiff has 14 days from the date of this order to respond.

Dated:  May 25, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

SD, alte,1663

5