UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETH K. ALTES,<br><br>            Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>            Defendant. | No.  2:20–cv–1663–KJN<br><br>ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE |

On August 18, 2020, plaintiff filed a complaint against the Commissioner under 42 U.S.C. § 405(g), seeking review of a final decision regarding her application for social security disability.[1] (ECF No. 1.) Under the court's scheduling order, plaintiff was to file a motion for summary judgment "within 45 days of being served with a copy of the administrative record." (ECF No. 5.) The Commissioner filed such a motion on February 8, 2020. (ECF No. 12.) On April 22, counsel for plaintiff moved to withdraw, indicating she lost contact with her client. (ECF No. 14.) Plaintiff did not respond to this motion, and so the court granted counsel's request. (ECF No. 17.) The court also ordered plaintiff to show cause why the case should not be dismissed for failure to prosecute, failure to follow court orders and local rules, and failure to file her motion. (Id.) Despite this order, plaintiff did not respond. Thus, the court orders this case

---

[1] The parties consented to the jurisdiction of a magistrate judge, and the case was assigned to the undersigned for all purposes, including the entry of judgment. (ECF Nos. 7, 8, 9.)

dismissed.

**DISCUSSION**

Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself [] without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds). A district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules. See, e.g., Ferdik, 963 F.2d at 1260. Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002).

Here, the first two factors weigh in favor of dismissal, because this case has already been delayed by plaintiff's failure to take the steps necessary to move this case forward. The third factor also slightly favors dismissal, because, at a minimum, defendants have been deprived of an opportunity to file any response to plaintiff's motion, file its own cross-motion for summary judgment, and argue the Commissioner's decision was supported by substantial evidence and free from legal error. Furthermore, the fifth factor, availability of less drastic alternatives, favors dismissal, because the court has already attempted less drastic alternatives. Specifically, the court granted plaintiff additional time to respond to the order to show cause or to file her motion for summary judgment, despite her failure to respond to counsel's motion to withdraw. Counsel indicated plaintiff had been incommunicado for months, including failing to keep her address and phone number current, and the court has no indication plaintiff's address is correct. See L.R. 182(f) (imposing a duty on parties to notify the court and parties of any change of address); Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) ("A party, not the district court, bears the burden of keeping the court apprised of any changes in [the party's] mailing address."). Simply, plaintiff's failure to respond to the court's orders and failure to file her motion leaves the court with little alternative but to dismiss. Chambers, 501 U.S. at 44; see also Carey, 856 F.2d 1439, 1440-41. Finally, as to the fourth factor, the public policy favoring disposition of cases on their merits, that factor is outweighed by the other Ferdik factors. Indeed, it is plaintiff's own failure to prosecute the case and comply with the rules that precludes a resolution on the merits. Thus, after carefully evaluating the Ferdik factors, the court concludes dismissal is warranted.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The action is DISMISSED pursuant to Federal Rule of Civil Procedure 41(b); and

2. The Clerk of Court is directed to CLOSE this case.

Dated: June 11, 2021

alte.1663

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE